UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AYODELE FAYOADE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 06 C 4818 ) |
| LT. PHILLIP CLINE, JAMES SPRATTE, JOHN NEE, JOHN DOE, TERRY G. HILLARD, and the UNITED STATES OF AMERICA, | ) Judge George M. Marovich ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ayodele Fayoade ("Fayoade") filed *pro se* a complaint asserting violations of Article 36 of the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261 ("Vienna Convention"). Defendants James Spratte ("Spratte") and John Nee ("Nee") have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the reasons discussed below, the Court grants defendants' motion to dismiss.

**I.     Background**

Plaintiff, an inmate at Dixon Correctional Center, is a citizen of Nigeria. He came to the United States as a visitor in 1982. Plaintiff became a permanent resident on July 26, 1985. The brush with the law that is the basis of this suit occurred in 1993.

On November 24, 1993, plaintiff was driving on Grand Avenue in Chicago. Defendants Spratte and Nee, both detectives with the Chicago Police Department, pulled over the car plaintiff was driving. Defendants suspected that plaintiff possessed narcotics. Defendants

---

[1]Defendants Lt. Phillip Cline, Terry G. Hillard, and the United States of America were dismissed from this action on October 20, 2006.

searched plaintiff's car (allegedly without permission–although that is irrelevant to plaintiff's claim), and they recovered narcotics.

Without informing plaintiff of his rights under the Vienna Convention, Spratte and Nee arrested plaintiff and took him to a police station. At no time did Spratte or Nee inform plaintiff of his rights under the Vienna Convention.

At the police station, plaintiff was put into an interrogation room where he was interrogated by a different police officer, Lieutenant Phillip Crane ("Crane") and an unnamed officer. Neither Crane nor the unnamed officer (neither of whom are defendants at this point) informed plaintiff of his rights under the Vienna Convention.

Ultimately, plaintiff was convicted of possession of a controlled substance and remains incarcerated.

## II. Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombley*, 127 S.Ct. at 1964-1965. A complaint must include

enough factual allegations to "raise a right to relief above a speculative level." *Twombley*, 127 S.Ct. at 1965.

III. **Discussion**

In his complaint, Fayoade alleges that defendants Spratte and Nee violated his rights under the Vienna Convention when they failed to inform him of those rights.

Article 36 of the Vienna Convention provides in relevant part:

> 1. With a view to facilitating the exercise of consular functions relating to nationals of the sending state:
>
> \* \* \*
>
> (b) if [the defendant] so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph;

Vienna Convention, Art. 36. The Seventh Circuit has concluded that 42 U.S.C. § 1983 provides a private right of action for individuals to pursue claims for individual violations of Article 36 of the Vienna Convention. *Jogi v. Voges*, 480 F.3d 822, 835 & 836 (7th Cir. 2007) ("*Jogi II*").

Defendants argue that plaintiff's claim is time-barred. Because § 1983 does not contain a statute of limitations, federal courts adopt the forum state's statute of limitations for personal injury suits. *Ashafa v. City of Chi.*, 146 F.3d 459, 461 (7th Cir. 1998) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). The applicable statute of limitations in Illinois is two years. *Ashafa*, 146 F.3d at 462. This (as is every) statute of limitations is an affirmative defense, and the plaintiff need not plead around it. *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623,

626 (7th Cir. 2003). Still, a plaintiff "may plead himself out of court by alleging (and thus admitting) the ingredients of a defense." *Id.*

In order to determine whether plaintiff has plead himself out of court, the Court must determine when his cause of action accrued, an issue left open by the Seventh Circuit in *Jogi II*. In making this determination, the Court first notes that liability under § 1983 "does not attach unless the individual defendant caused or participated in" the alleged deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Sheik-Abdi v. McClellon*, 37 F.3d 1240, 1248 (7th Cir. 1994)). The only involvement these two defendants have in plaintiff's alleged claim is that they failed to inform plaintiff of his rights under the Vienna Convention when they pulled over, arrested and transported plaintiff to the police station. According to plaintiff's allegations, their involvement began and ended on November 24, 1993. Plaintiff's cause of action against Spratte and Nee accrued on November 24, 1993. Accordingly, plaintiff's § 1983 claim against Spratte and Nee for violation of Article 36 of the Vienna Convention is time-barred.[2]

---

[2]Plaintiff, however, also argues that his claims should be considered under the Alien Tort Statute, 28 U.S.C. § 1350. Plaintiff argues that the Court should adopt the ten-year statute of limitations from the Torture Victims Protection Act of 1991 and apply it to a claim under the Alien Tort Statute. In *Jogi II*, the Seventh Circuit explicitly declined to consider whether the Alien Tort Statute provided subject-matter jurisdiction over plaintiff's claim. This Court doesn't make that determination (or determine what the appropriate statute of limitations would be). The Court need not consider that issue because plaintiff's claim accrued more than ten years before he filed his claim in this Court and, thus, would be time-barred under the ten-year statute of limitations that plaintiff advocates.

## IV. Conclusion

For the reasons set forth above, the Court grants defendants' motion to dismiss and dismisses with prejudice plaintiff's claim against those defendants. Case dismissed.

ENTER:

_____
GEORGE M. MAROVICH
UNITED STATES DISTRICT JUDGE

DATED: September 11, 2007